# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:13-cr-114

                            District Judge Susan J. Dlott
- vs -                    Magistrate Judge Michael R. Merz

CHRISTOPHER BLAIN,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant Christopher Blain's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 53). The case has been referred to the undersigned by District Judge Susan J. Dlott and is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

       Defendant pleads the following grounds for relief:

1

**Ground One:** Trial counsel failed to object to PSR [Presentence Investigation Report] errors (improper enhancements). This resulted in a procedural error at sentencing.

**Supporting Facts:** Trial counsel for the petitioner failed to meet a professionally reasonable standard when he neglected to make objections to errors in the Pre Sentence Report. Specifically, counsel failed to object to a sentencing enhancement for number of images. Faulty information in the PSR led the court to believe in error that this enhancement applied. In fact, the government's forensic examiner found 9 images on the computer, all in the unallocated space of the hard disk (which in itself is questionable as the petitioner lacked control of those images). Clearly the enhancement should not apply and therefore it caused the court to miscalculate the advisory guidelines range which is procedural error.

**Ground Two:** Lack of Mens Rea (intent) and Knowledge Elements.

**Supporting Facts:** A defendant charged with receipt of child pornography must have knowledge, not only as to the act of receipt itself but also as to the fact that the material features minors engaged in sexually explicit conduct. Here, the petitioner specifically denied having knowledge as to the content that was received, the very element that the Supreme Court held necessary for conviction.

Because counsel did not properly inform petitioner as to the elements of the offense, counsel was ineffective and this ineffective representation prevented the defendant from having all the information required to make a decision regarding whether he should proceed to trial or accept a plea. This may also invalidate the plea agreement as it was not knowing and voluntary based on the foundation of misinformation and lack of close assistance during the plea phase.

**Ground Three:** Contents in Cache and Unallocated Space is Not Knowingly Received.

> **Supporting Facts:** No images from the internet or emails were found saved on the petitioner's computer or electronic devices. Nor were and media, prints, or cameras tainted.  The 9 images recovered were from unallocated space or cache and the petitioner did not have knowledge and control of these images. The petitioner asserts that the government has not offered evidence to prove that his receipt of child pornography was knowing. Since this was not proven by a preponderence [sic] of evidence. It is a violation of the Sixth Amendment right to Due Process.

(Motion, ECF No. 53, PageID 122-25.)

**Procedural History**

Christopher Blain was indicted on October 16, 2013, on three counts:  knowing receipt and possession with intent to distribute an obscene visual depiction of a minor engaged in sexual conduct having previously been convicted of sexual battery (Count 1); committing a felony offense involving a minor while being required to register as a sex offender (Count 2); and receipt of child pornography after conviction for sexual battery and/or pandering sexually oriented material involving a minor (Count 3)(Indictment, ECF No. 14, PageID 28-29).

On June 17, 2014, Mr. Blain entered into a Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C)(ECF No. 34).  Blain agreed to plead guilty to Count 3. *Id.* at ¶ 1.  He waived any right to appeal the sentence. *Id.* at ¶ 3.  He agreed that the base offense level for Count 3 was 22 and that "an appropriate sentence for the defendant is a term of imprisonment of 222 months." *Id.* at ¶¶ 6, 7.  He understood that if the Court accepted the guilty plea, it would impose the 222 month sentence. *Id.* at ¶ 8.  In the attached Statement of Facts, Blain admitted he created an email account to which no one else had access for the purpose of receiving child pornography which he continued to keep open as of October 2, 2013.  ECF No. 34-1, PageID 78. He further

admitted that he received numerous images and/or videos of child pornography in that account between May 8, 2013, and June 14, 2013. *Id.* at PageID 79. Finally, he admitted that if the case had "proceeded to trial, the government would have been able to prove each essential element of the offense beyond a reasonable doubt." *Id.* Blain entered his guilty plea pursuant to the Plea Agreement on June 20, 2014 (Minutes, ECF No. 35). On December 16, 2014, Blain was sentenced to the agreed term of 222 months (ECF No. 45). In doing so, Judge Dlott adopted the Presentence Investigation Report ("PSR") without change. Applying the 2013 Sentencing Guidelines Manual, she found a total offense level of 35 and a criminal history category of 6, resulting in a guidelines range for imprisonment of 292 to 385 months (ECF No. 47, PageID 106). Nevertheless, she departed downward from the Guidelines by seventy months because of the binding plea agreement. *Id.* at PageID 107. Judgment was entered on December 23, 2014 (ECF No. 46).

Blain took no appeal. His next filing was his Notice of Intent to File a 2255 Motion and a request for the Court's assistance in compelling his trial attorney, Paul Laufman, to turn over documents such as "transcripts, judgements [sic], motions, and other parts of his record that he can use to prepare for his 2255 motion." (ECF No. 51, PageID 117.) On February 11, 2016, he requested his "Discovery File", claiming his trial attorney had not sent it (ECF No. 52). Finally, on September 15, 2016,[1] he filed the instant § 2255 Motion.

---

[1] The Motion was not received by the Clerk and uploaded to the docket until October 5, 2016. Mr. Blain is entitled to the earlier date under the "mailbox" rule. An incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities for forwarding to the Clerk. *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

## Analysis

28 U.S.C. § 2255(f) establishes a one-year statute of limitations for motions to vacate under § 2255. The year runs from the latest of four dates. In the absence of qualification under one of the other subsections, the time runs from the date of finality of a conviction. In this case Blain's conviction became final fourteen days after judgment was entered, to wit, on January 6, 2015. Because Blain never appealed, the statute began to run under § 2255(f)(1) on that date and expired one year later on January 6, 2016. Because Blain did not file his Motion until September 15, 2016, it is barred by the statute of limitation if the time is calculated under § 2255(f)(1).

Mr. Blain however seeks the benefit of § 2255(f)(4) which makes the statute run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." He claims he needed certain documents from his trial attorney to be able to file and did not receive those documents until "this court compelled Mr. Laufman to contact Mr. Blain that action was taken and a teleconference was scheduled in April 2016, after which petitioner was sent the necessary documents." (Motion, ECF No. 53, PageID 135.) Mr. Blain has not detailed what documents were then produced or why he needed them in order to be able to file. He already knew from having been present at sentencing that Mr. Laufman did not object to alleged errors in the PSR (Ground One). He already knew at the time of his plea that Laufman had not advised him of the scienter requirements for the offense to which he pleaded (Ground Two). And he already knew before pleading where the child pornography images were stored on his computer (Ground Three). Because he has not shown that any of the documents furnished to him by counsel as a result of the April 2016

teleconference were needed to file his § 2255 motion, he has not shown he is entitled to the later start date.

Mr. Blain also claims that the statute begins to run under § 2255(f)(4) on October 19, 2015, "the date of the final judgment in the *Huyck* case, on which petitioner relies for relief in one of the three grounds presented." Blain provides no citation for that case and the Magistrate Judge has been unable to find a case by that name in the Lexis database decided after October 1, 2015, by either the United States Supreme Court or any of the federal circuit courts of appeals.

**Conclusion**

The § 2255 Motion should be DISMISSED WITH PREJUDICE as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 13, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).