# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,         :      Case No. 1:13-cr-114

                                                    District Judge Susan J. Dlott

  - vs -                              Magistrate Judge Michael R. Merz

CHRISTOPHER BLAIN,

               Defendant.        :

---

# DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

---

This § 2255 case is before the Court upon Objections by Defendant Christopher Blain (ECF No. 62) to the Report and Recommendations of Magistrate Judge Michael R. Merz recommending that Defendant's Motion to Vacate (ECF No. 53) be dismissed with prejudice (the ":Report," ECF No. 57). As required by Fed. R. Civ. P. 72(b), the Court has reviewed de novo those portions of the Report to which objection is made.

Defendant pleads the following grounds for relief:

> **Ground One:** Trial counsel failed to object to PSR [Presentence Investigation Report] errors (improper enhancements). This resulted in a procedural error at sentencing.
>
> **Supporting Facts:** Trial counsel for the petitioner failed to meet a professionally reasonable standard when he neglected to make objections to errors in the Pre Sentence Report. Specifically, counsel failed to object to a sentencing enhancement for number of

1

images. Faulty information in the PSR led the court to believe in error that this enhancement applied. In fact, the government's forensic examiner found 9 images on the computer, all in the unallocated space of the hard disk (which in itself is questionable as the petitioner lacked control of those images).  Clearly the enhancement should not apply and therefore it caused the court to miscalculate the advisory guidelines range which is procedural error.

**Ground Two:**   Lack of Mens Rea (intent) and Knowledge Elements.

**Supporting Facts:**   A defendant charged with receipt of child pornography must have knowledge, not only as to the act of receipt itself but also as to the fact that the material features minors engaged in sexually explicit conduct. Here, the petitioner specifically denied having knowledge as to the content that was received, the very element that the Supreme Court held necessary for conviction.

Because counsel did not properly inform petitioner as to the elements of the offense, counsel was ineffective and this ineffective representation prevented the defendant from having all the information required to make a decision regarding whether he should proceed to trial or accept a plea. This may also invalidate the plea agreement as it was not knowing and voluntary based on the foundation of misinformation and lack of close assistance during the plea phase.

**Ground Three:**  Contents in Cache and Unallocated Space is Not Knowingly Received.

**Supporting Facts:**  No images from the internet or emails were found saved on the petitioner's computer or electronic devices. Nor were any media, prints, or cameras tainted.   The 9 images recovered were from unallocated space or cache and the petitioner did not have knowledge and control of these images. The petitioner asserts that the government has not offered evidence to prove that his receipt of child pornography was knowing. Since this was not

proven by a preponderence [sic] of evidence. It is a violation of the
Sixth Amendment right to Due Process.

(Motion, ECF No. 53, PageID 122-25.)

The Report concluded the § 2255 Motion was barred by the applicable one-year statute of limitations. Magistrate Judge Merz reasoned that, because he took no appeal, Blain's conviction became final when his time to appeal expired on January 6, 2015. Under the prison mailbox rule, his Motion was deemed filed on September 15, 2016, the date he deposited it in the mail. The Report found this was beyond the statute of limitations and recommended dismissal, rejecting Mr. Blain's claim of a later starting date under § 2255(f)(4) for late discovery of necessary documents and/or "on October 19,2015, "the date of the final judgment in the *Huyck* case, on which petitioner relies for relief in one of the three grounds presented."

In his Objections, Mr. Blain suggests that his Notice of Intent to File a § 2255 Motion (ECF No. 51) be counted as his initial filing, since it was within the statute of limitations. However, there is no authority for a district court to treat a notice of intent to file as an actual § 2255 filing because such a filing does not put the government on notice of the issues a Defendant intends to raise and the practice would undermine the policy of a statute of limitations in the first place.

Although Mr. Bain claims he needed documents in the hands of his trial attorney to analyze and prove the case, he did not need those documents in order to make the claims made in the Motion, particularly the claims that he did not understand what he was pleading to.

Mr. Blain also suggests the statute should run from the date of decision of *United States v. Huyck*, 2015 U.S. Dist. LEXIS 141905 (D. Neb. Oct. 19, 2015)(Bataillon, J.) Mr. Balin has not offered any argument as to why a decision in another district court should start the statute of limitations over in this Court. One provision of the statute make the one-year run from the date

3

of decision in the United States Supreme Court recognizing a new constitutional right and making it retroactively applicable to cases on collateral review, usually under § 2255. 28 U.S.C. § 2255(f)(3). However, that provision only applies to the Supreme Court and only then when that Court recognized a new retroactively applicable right. *Huyck* does not qualify.

Accordingly, the Objections are not well taken and are hereby OVERRULED. The Magistrate Judge's Report is ADOPTED and the Motion to Vacate is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 27, 2016.

Susan J. Dlott
United States District Judge

4